CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 20 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

KIMBERLY STRIKER MILLS, )
                                     )     Civil Action No. 5:06CV00011
    Plaintiff,            )
                                     )     **MEMORANDUM OPINION**
v.                              )
                                   )
GIANT FOOD STORES, LLC      )     By: Hon. Glen E. Conrad
    T/A MARTIN'S FOOD MARKET   )     United States District Judge
                                   )
    Defendant.           )

This case is before the court on the defendant's motion to dismiss on the grounds that the motion for judgment was not filed within the 90-day period following the receipt of her right-to-sue letter, as prescribed by 42 U.S.C. § 2000e-5(f)(1), and the underlying administrative charge was not filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last act of discrimination. Although the court is constrained to deny the motion as to the first ground, the motion to dismiss will be granted as to the claims for discrimination based on gender and retaliation (Counts III and IV) and denied as to the claims for discrimination based on plaintiff's vision and lifting disabilities (Counts I and II), as explained below.

**Factual and Procedural Background**

Plaintiff Kimberly Mills was employed by Martin's Food Market ("Martin's"), a grocery store operated by Giant Food Stores, LLC. She was hired by Martin's in November 2000 as a temporary employee for the holidays and was retained as a permanent part-time employee in January 2001. Mills suffers from macular degeneration, and was therefore hired as a bagger and cart-mover, because she could not perform the duties of a cashier. On June 25, 2001, Mills was injured on the job while pushing grocery carts, and subsequently became unable to work. She returned to work in September 2001 with a note from her doctor which restricted her from performing heavy lifting or other strenuous activities. Mills submitted this note to her employer,

but was thereafter allegedly subjected to discriminatory treatment. She sought guidance from the Virginia Department of Labor and claims to have encountered adverse treatment as a result. She continued to work until June 2004, at which point she had to go on disability leave. Martin's terminated her on or about January 19, 2005 on the grounds that her long-term disability leave had expired. She eventually filed a charge with the Equal Employment Opportunity Commission on July 6, 2004. In that charge, Mills stated that the last instance of discrimination took place on July 6, 2004, but listed June 2003 as the last date in her narrative of the particulars constituting the discriminatory acts.

In a notice dated September 16, 2005, the EEOC informed Mills and her attorney, Joanne Donohue, that the investigation of her charge had not revealed a violation of the law, and that she had 90 days from receipt of the notice to file suit under Title VII. Although it was dated September 16, the envelopes in which Mills and Donohue received the right-to-sue letter were stamped September 19, 2005 by the post office. Both plaintiff and her attorney received their letters on September 22, 2005.

Donohue prepared and sent a motion for judgment to the Clerk's Office for the Circuit Court of Warren County, Front Royal, Virginia on December 13, 2005. She used the U.S. Postal Service Priority Mail with Delivery Confirmation service, and tracked the progress to the courthouse on December 15, 2005 at 9:46 a.m. On December 20, 2005, Donohue represented Mills before the Virginia Workers' Compensation Commission. When Donohue had not received a stamped copy of the motion for judgment from the Clerk's Office by December 28, 2005, she called the office and spoke with one of the staff members who told her that the motion for judgment was not in the folder and that she could not locate it. After two more phone calls from

2

Case 5:06-cv-00011-GEC-BWC   Document 33   Filed 04/20/06   Page 2 of 7   Pageid#: 251

Donohue, the motion for judgment was located and processed by the Clerks' Office. The stamp and docket entry indicated that the motion for judgment was filed on December 28, 2005.[1]

## Discussion

A complaint will be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) only when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). In considering a motion to dismiss, the court accepts all well-pleaded allegations as true. The court also views the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411 (1969). The two asserted grounds for dismissal will be considered separately.

*1. Date of Receipt of Right-to-Sue Letter*

The provisions of 42 U.S.C. § 2000e(f)(1) afford an aggrieved party whose charge is dismissed by the EEOC the right to notice of the administrative action and notice of the party's right to bring a civil action within 90 days. See also Davis v. Va. Commonwealth Univ., 180 F.3d 626, 628 (4th Cir. 1999). The notice that Mills and her attorney received informed her that "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost." The plaintiff maintains that the right-to-sue letter should be deemed delivered on September 22, 2005, when it actually arrived, rather than on September 19, 2005, as the defendant states. The defendant points to Federal Rule of Civil Procedure 6(e) to support its calculation of time. Fed. R. Civ. P. 6(e) (adding three days to the prescribed period when a party is served by mail).

---

[1]The case was subsequently removed to this court, pursuant to the provisions of 28 U.S.C. § 1441(b).

3

The date when a claimant's attorney receives a right-to-sue letter is considered to be the date that the claimant receives notice for purposes of the 90-day rule. See Harper v. Burgess, 701 F.2d 29, 30 (4th Cir. 1983). Plaintiff offers the date-stamped envelope in which the notice arrived as evidence of the date on which the letter was sent, September 19, 2005. For purposes of the motion to dismiss, it is unnecessary to determine whether the notice arrived on September 19 or 22, because the motion for judgment was effectively filed well within 90 days, on December 15, 2005, as explained in the following section.

*2. Date of Filing in State Court*

As the above description of the events between December 13 and 28 suggests, the parties dispute what should be regarded as the date of filing in the Warren County Court. Regardless of whether the date of receipt of the letter is found to have been September 19 or 22, the recorded filing date of December 28 is outside of the 90-day filing period. The courts that have addressed the issue have held that filing requires delivery of papers into the actual custody of the clerk. See United States v. White, 980 F.2d 836, 845 (2d Cir.1992); Milton v. United States, 105 F.2d 253, 255 (5th Cir. 1939) ("[T]he filing of a paper is the delivery of it to the officer at his office, to be kept by him as a paper on file, and that the file mark of the officer is evidence of the filing, but it is not the essential element of the act. A paper may be filed without being marked or endorsed by the clerk."); Crawford-Mulley v. Corning Inc., 77 F. Supp. 2d 366, 368 (W.D. N.Y. 1999); Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co., 34 F. Supp. 2d 1092, 1094 (N.D. Ill. 1999). The court finds that the motion for judgment was delivered to the Clerk's Office on December 15, 2005. Thus, the requirement of filing within the 90-day period has been met.

The defendant notes that the motion for judgment does not set forth a date on which the letter was received. That pleading does state that "Mills has filed her lawsuit within ninety days of

4

receiving the right to sue letter," which is sufficient to meet the pleading standards of Federal Rule of Civil Procedure 8(a). Viewing the complaint in the light most favorable to the plaintiff, it is apparent that the plaintiff successfully filed her motion for judgment within the prescribed 90-day period.

*3. Filing of the EEOC Charge*

The defendant further asserts that the plaintiff is precluded from bringing this claim because she did not timely file her EEOC charge on July 6, 2004. Virginia is a "deferral state," which means that a plaintiff has 300 days from the last date of discrimination to file a charge with the EEOC. Edelman v. Lynchburg Coll., 300 F.3d 400, 404 (4th Cir. 2002). The defendant points to Mills' statement in her charge narrative that "[i]n June of 2003, I was reassigned..." as the last date of alleged discrimination. However, Mills alleged on the same form that the relevant dates of discrimination were between June 26, 2001 and July 6, 2004. The effect of this discrepancy is the central question for resolution on the motion to dismiss.

The defendant correctly notes that the continuing violation theory, upon which Mills appears to predicate her claim, is only available where an actual violation has occurred within the statutory time period. See Beall v. Abbott Labs., 130 F.3d 614, 620-21 (4th Cir. 1997) ("Incidents outside of the statutory window are time-barred unless they can be related to a timely incident as a series of separate but related acts amounting to a continuing violation." (citation omitted)). Mills' charge does not explicitly point to specific dates within the 300-day period except for the general allegation that she experienced discrimination until July 6, 2004.

The failure of Mills to include specific events of discrimination based on gender or retaliation in her narrative that occurred within 300 days prior to July 6, 2004 will preclude her from asserting those claims in this court. However, where it is "reasonably clear" that a claimant intended to assert a given act as a "particular" of the discrimination against her, courts will give a

5

"reasonable interpretation" to the charge. See Kline v. Certainteed Corp., 205 F. Supp. 2d 468, 472 (D. Md. 2002); but see Talbot v. U.S. Foodservice, Inc., 204 F. Supp. 2d 881, 883 (D. Md. 2002) (rejecting claim against a union where the plaintiff did not refer to the union at all in the charge of discrimination).

Applying the "reasonableness" test to Mills' charge, it appears that she gave the defendants reasonable warning as to the nature and timing of the alleged discrimination based on her disabilities. She sufficiently outlined her claim for disability discrimination in the charge when she explained that "[t]hroughout my tenure at Respondent, I have submitted numerous requests for reasonable accommodations that have been denied," and explained that she continued to be refused reasonable accommodation after her transfer to the new store in June 2003 and prior to her taking of disability leave in July 2004. Three hundred days prior to July 6, 2004 was September 10, 2003, a time at which she was still working at Martin's. Based on Mills' charge, it is reasonable to assume that she suffered the effects of defendant's alleged refusal to reasonably accommodate her through at least June 2004, when she took disability leave.

As the United States Court of Appeals for the Fourth Circuit has noted, "lawyers do not typically complete the administrative charges, and so courts construe them liberally." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005); see also 29 C.F.R. § 1601.12(b) ("A charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."). A liberal reading of Mills' charge reveals that those claims for and factual allegations of discrimination based on her vision and lifting disabilities are reasonably related to the claims in her motion for judgment. Id.; Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original

6

complaint may be maintained in a subsequent Title VII lawsuit."). Plaintiff properly exhausted her administrative remedies as to her claims of discrimination based on disability.

The plaintiff cannot go forward with her claims of discrimination based on gender or retaliation because she has provided no indication of events giving rise to those claims that occurred within the prior 300-day period. She is constrained to pursue a remedy only for discrete acts that occurred within 300 days prior to July 6, 2004. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-15 (2002); Evans, 80 F.3d at 962 ("Charges filed outside that time frame are barred, but a discriminatory allegation may still constitute relevant background evidence for valid claims."). As she did not allege any acts of discrimination based on her gender or in retaliation for her EEO activity within that period, she is unable to rely upon previous acts as a basis for seeking relief.

## Conclusion

The dispute regarding the filing date of the motion for judgment is premised on the date on which the Clerk's Office docketed the case, but the relevant date is that on which the pleading was delivered for filing. That date was within the statutory period. Mills' claim of disability discrimination for vision and lifting restrictions will survive the motion to dismiss, but her claim of discrimination based on gender and retaliation will not, due to her failure to include in her charge specific discriminatory acts that occurred within 300 days of July 6, 2004.

DATED this 20th day of April, 2006.

_____
United States District Judge